USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/28/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                :
VENUS RAQUEL MARTINEZ o/b/o SMW, a :
minor,                                      :
                                                :
                             Plaintiff,          :           15-CV-6846 (VSB) (JCF)
                                                :
                 - against -                    :                   **ORDER**
                                                :
COMMISSIONER OF SOCIAL SECURITY, :
                                                :
                             Defendant.    :
                                                :
-------------------------------------------------------- X

Appearances:

Venus Raquel Martinez
Bronx, New York
*Pro Se Plaintiff*

John E. Gura, Jr.
U.S. Attorney's Office for the Southern District of New York
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       Before me is Magistrate Judge Francis's March 18, 2016 Report and Recommendation, which recommends that Defendant's motion to dismiss Plaintiff's claim be granted. (Doc. 13.) For the reasons that follow, I adopt the Report and Recommendation in its entirety.

## I.    **Background**

       Plaintiff filed her Complaint in this action on August 28, 2015 pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking "court review of the decision of the Commissioner of Social Security" that her minor child was not entitled to disability insurance

benefits and/or Supplemental Security Income benefits. (Doc. 2.) On September 14, 2015, I entered an Order referring the case to Magistrate Judge Francis. (Doc. 6.)

On December 17, 2015, Defendant filed its motion to dismiss under Rule 12(b)(6) or, in the alternative, Rule 56 of the Federal Rules of Civil Procedure, as well as accompanying papers. (Docs. 8–11.) In its notice of motion, Defendant included the necessary Local Rule 12.1 notice to a pro se litigant, although it is unclear whether Defendant also attached Rule 56 upon service of the motion to Plaintiff.[1] (Doc. 8.) Defendant subsequently filed a certificate of service "by regular mail" on December 18, 2015. (Doc. 12.) Plaintiff did not file an opposition or any other response to the motion to dismiss.

On March 18, 2016, three months after Defendant filed its certificate of service for the motion to dismiss, Magistrate Judge Francis issued his Report and Recommendation. (Doc 13.) In his Report and Recommendation, Magistrate Judge Francis ordered that the parties would have fourteen days from the date of the Order to file written objections to the Report and Recommendation. (*Id.*) On April 4, 2016, Plaintiff filed an objection to the Report and Recommendation, stating that she "never received the last paperwork that was sent to [her] to respond," that lately mail had been "sent to wrong apartments throughout the building," and that she "will do all [she] can to represent [her] son." (Doc. 14.) As a result, she asked "for more time to file all of [her] paperwork." (*Id.*) On April 18, 2016, Defendant filed a response, (Doc. 15), as well as a certificate of service later that same day, (Doc. 16). After Plaintiff did not make any further filings, I issued an Order on January 10, 2017 allowing Plaintiff an additional thirty

---

[1] Although Defendant styled its motion as one under Rule 12(b)(6) or, in the alternative, under Rule 56, Magistrate Judge Francis recommended dismissal of this action only under Rule 12(b)(6). In fact, while Magistrate Judge Francis referenced Defendant's declaration filed in support of its motion, and two of the exhibits attached thereto, in a footnote, (Doc. 13 at 4 n.1), Magistrate Judge Francis did not have to rely on these materials to make his recommendation, nor does this footnote convert his decision to one that grants summary judgment. As a result, I find that any failure to attach a copy of Rule 56, assuming a copy was not attached to the Government's papers, would not have an impact on the outcome of this case.

2

days to file "a reasoned objection to Magistrate Judge Francis's Report and Recommendation, including any 'paperwork' Plaintiff wishe[d] to submit in support of the objection." (Doc. 17.) Plaintiff submitted a one-page supplemental objection to which she attached paperwork. (Doc. 18.) The paperwork included a residual functional capacity questionnaire, school individualized education program ("IEP") for the 2017-2018 school year, and functional behavior assessment and behavior intervention plan from the New York City Department of Education ("DOE"). (*Id.*) Plaintiff further explained that she receives mail too "late due to delivery issues." (*Id.*) Plaintiff's supplemental objection did not address the substance of the Report and Recommendation. In response, Defendant filed a letter on February 16, 2017. (Doc. 19.)

## II. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party submits a timely, specific objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. *Id.*; *see also* Fed. R. Civ. P. 72(b)(3). With regard to a report and recommendation that is not objected to, or the unobjected-to portions of a report and recommendation, a district court reviews the report and recommendation, or the unobjected-to portion thereof, for clear error. *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Further, when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. *See Pearson–Fraser v. Bell Atl.*, No. 01 Civ. 2343(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003).

Objections made by pro se parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." *Terio v. Michaud*, No. 10-CV-4276 (CS), 2011 WL 868661, at *1 (S.D.N.Y. Mar. 10, 2011) (internal quotation marks omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023(LTS)(JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

### III. Discussion

Here, Plaintiff's first objection to the Report & Recommendation makes only one non-substantive objection, i.e., that she "never received the last paperwork that was sent," presumably meaning Defendant's motion to dismiss. (Doc. 14.) Plaintiff's objection is not based on failure to properly serve, but on a purported problem with the distribution of mail in her apartment building. (*Id.*) Notwithstanding this fact, I gave Plaintiff additional time to submit a supplemental "reasoned objection" addressing the Report and Recommendation. (Doc. 17.) However, other than the documents described above, Plaintiff's supplemental filing consisted of a one page letter that states in full:

> Dear you honor I Venus Raquel Martinez is submitting to you all of my paperwork to help support my objection of the decision concerning my case. In my son's behalf I have papers from his doctor and his IEP concerning school issues. I would like to add I received mail to late due to delivery issues. Please take all of this into consideration.

(Doc. 18.) Neither of Plaintiff's objections address Magistrate Judge Francis's factual findings or conclusions. *See Pinkney,* 2008 WL 2811816, at *1.

4

Accordingly, I have reviewed the Report and Recommendation for clear error and find none. I therefore adopt the well-reasoned Report and Recommendation in its entirety.

The Clerk of Court is respectfully requested to terminate the open motion at Document 8 and close this action.

SO ORDERED.

Dated: September 28, 2017
     New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge